Good morning. May it please the Court, Counsel. My name is Molly Quinn. I represent the appellant Francis Kistler. We're asking the Court to vacate Mr. Kistler's 25-year sentence and remand for a new sentencing hearing. The District Court erred in imposing an above-guideline range sentence in this case. The sentence of 300 months was above both the guideline range calculated in the pre-sentence investigation report and well above the guideline range calculated by the District Court after varying for a policy disagreement with an enhancement involving the use of a computer. It was also 15 years above the sentence recommended by both parties at the sentencing hearing. The District Court largely relied on the dismissal of the original six-count indictment to support the above-guideline range sentence in this case. First, the original indictment included six counts, and Mr. Kistler ended up pleading guilty via a superseding information to two of those counts, which the superseding information listed the victims from both count three and count four. And so he did end up pleading guilty and receive a sentence for two of the counts in that six-count indictment. And furthermore, the guideline range was calculated with consideration of both victims from original counts three and four. And by that, I mean 2G1.3D1, the guideline for enticement of a minor, expressly says, I guess even if the person wasn't included in a count of conviction, if there were multiple minor victims, the guidelines are to be calculated with a multiple-count adjustment to account for each victim regardless of whether they're contained in a separate count of the indictment. And so that's what happened here in the PSR. This guideline range was calculated with a conduct relating to both minor victims. And so if you take the record as a whole, Mr. Kistler did not escape liability in any meaningful sense from two of those six counts. And the district court also emphasized repeatedly that the plea agreement in this case conferred an enormous benefit on Mr. Kistler. But if you take, again, a look at the record as a whole, the plea agreement did not actually meaningfully or significantly reduce Mr. Kistler's end up pleading guilty, again, by the superseding information to a count that had a maximum sentence of life in prison. That was, in that sense, in terms of the maximum sentence, the most serious counts in the original indictment. And so he did face a mandatory minimum of 10 years on this count up to life in prison. And there was real no, in terms of the top-end statutory exposure, that he escaped. And that is something that the district court relied on in selecting its sentence in this case. Why isn't all of this harmless? Because even though the upward departure might have been erroneous, was the upward variance erroneous? It was, Your Honor. I appreciate that question. Yes, the district court did say I would impose the same sentence if this was considered a variance. I think that some of the same concerns come into the variance as well, that the district court was relying, again, on the concept of dismissed and uncharged conduct with the original understanding that there were six full counts dismissed. And I didn't mention before, but one count, count five, I believe at this point on appeal, it's undisputed that that would not be an offense because of the age of the minor victim, that that statute required that the person be under 16. But couldn't the district court at least consider that, not in a formal sense, but in a dangerousness sense? Boy, there were six counts. And while some of these, you know, may not be actionable, the fact that the victim wasn't, one of the victims was over 16, that still shows that he's pretty dangerous. And so I'm going to consider that conduct. I agree that the district court could consider that. I do think that this concept of the original indictment being dismissed, the enormous benefit was a principal basis of the variance. But if you take a look at the 300th sentence as a whole, regardless of whether we're under 5K2.21 or the departures listed in the statement of reasons, that sentence was substantively unreasonable. So the alternative variance only works if it's supported by law and if the ultimate sentence is substantively unreasonable. And here it wasn't. Again, I've already mentioned the improper factors that went into that sentence. In addition to that, the 300-month sentence was too long for somebody where the government recommended 10 years, largely based on his decision to plead guilty to save these minor victims from further shame and embarrassment from trial. But that was a significant thing that he did in this case. And the district court should have given more weight to that, particularly in light of the government's rationale, but the court's making its decision on an entirely different basis. It's looking at things broader, including the dangerousness of the defendant and the egregiousness of the conduct of someone trusted as a law enforcement officer. Weren't those things also able to be considered by the court? They certainly are factors the court could consider under the 3553A factors. And again, our position here is that even in light of all of that, that the district court discussed, in addition to the dismissed indictment, this sentence still was substantively unreasonable. And I mentioned the decision to plead guilty and to save these really vulnerable victims who had already faced some harassment from the community, not necessarily So that's if trial took place. That's right. And Mr. Kistler saved them from that by pleading guilty. In addition to that, the other factors that make this sentence substantively unreasonable is Mr. Kistler's age. At 61 years old, he did present with significant health issues. He had actually lost a leg due to amputation while this case was pending. He appeared, in addition to the physical health problems that he had, he appeared with significant mental health struggles, some suicidal ideation that happened. The district court recites each of those, though, right? In plain English, correct? Yes. The district court did acknowledge that. And our position here today is that the district court still committed a clear error of judgment in weighing all of those factors and selecting the 25-year sentence. And I'd like to talk a little bit more about those mental health struggles. Mr. Kistler, in through counsel, said, you know, he finally sought some treatment for his depression, had somewhere almost like two dozen counseling or therapy sessions with mental health professionals, and started taking medication for his depression. And it was those things that he did on pretrial release that helped him start to appreciate the true nature of what happened here and in what his conduct was. And so in light of all of those factors, the 300-month sentence, regardless of whether it came about as a result of a departure or a variance, was substantively unreasonable. And at this point, unless there are further questions, I would reserve the remainder. Thank you. Thank you, Ms. Quinn. Mr. Coloner. Good morning, Your Honors. I'm Kevin Coloner from the U.S. Attorney's Office in South Dakota. May it please the Court and my friend, Ms. Quinn, we are asking that this sentence be affirmed in all respects. The most direct path to reviewing this sentence is through the harmless error review that Judge Strass, that you mentioned. We don't agree that a procedural error occurred. I will talk about that in a moment here. But here we have a very extensive record of a district court making it abundantly clear that there were two alternative paths to the same 300-month sentence. Through a departure... Isn't it pretty clear that there's double counting taking place in the consideration of these counts? There's not. And there's, I think, an important thing that has perhaps been, when you read the briefs, you might think he got no benefit from this plea agreement in the sense that, as you say, that there were the information also added to the same sort of result under the guidelines. The district court talks about it in terms of how he avoided these 15-year mandatory minimums. That's certainly true. Repeats that over and over. But the guidelines section is different for two of the indicted counts. Now, I note that defense counsel is careful in talking about the counts that were dismissed. What's not mentioned is the two exploitation of minors counts that were dismissed, the two 15-year mandatory minimums. What he did is he pled here to a lesser offense in the sense of the 24-22 count. So that was assessed under 2G1.3 in the guidelines. That's where the district court started, 28 base offense level. If he had been convicted or had pled guilty under the sexual exploitation offenses, he would have been under 2G2.1. That's a 32 base offense level. Now, as I run through it, he would have wound up, say he'd gone to trial, not pled guilty, he would have wound up at about a 47 because of those sexual exploitation offenses. Here, because of the plea agreement and because of the district court's sort of discount for the use of a computer, he wound up at a 36. So there's not double counting in the very sense that 5K2.21 talks about, which is that if there is a dismissed count that's as part of a plea agreement that's not reflected in the applicable guideline range and it doesn't reflect the actual seriousness of the offense, then the district court can depart upward. So we don't believe there was procedural error in applying 5K2.21 here. And it really rests on the fact that these counts that were dismissed, the most serious counts, these production of child pornography counts, not only carried with it 15-year mandatory minimums, but they also would have brought on a different section of the guideline range that would have resulted in a much higher range. So for that reason, we don't think there was procedural error. By the way, the court took into account all of the dismissed counts in reaching the sentence. Well, the district court clearly understood the counts that were indicted and what the plea agreement meant. It walked through each of the indicted counts and their penalties. It walked through the entire factual basis of the plea agreement. There wasn't a confusion on the district court's part. In fact, at one point when defense counsel interjected and mentioned that, you know, these two counts, this information incorporates two counts in the indictment, the district court said, fine. The district court understood it, but was really focused on, I counted, I think, four different places in the sentencing transcript where the district court is talking about how this plea agreement got rid of the 15-year mandatory minimums, the court's focus was on those child pornography counts. Those were the counts that, you know, factored into the 5K2.21 and really gave this defendant a benefit. In fact, at one point, page 44 of the sentencing transcript, district court says child pornography, absolute solicitation of it, that's the crime, receiving it, sending it back. That's in the part of his discussion where he's, you know, talking about this uncharged conduct. So, we think this was correctly applied, this departure, but even, I think, again, the most direct route, perhaps the fastest route to affirming this sentence, is from the district court's extensive 3553 sentencing factors discussion. It spans almost 10 pages in the sentencing transcript. A clear discussion of each of the 3553 factors, individual discussions of each factor, talks about his health, talks about his health concerns, certainly cognizant of that, discusses at length other enticement sentences that that same district court has imposed, in other words, trying to avoid an unwarranted sentencing disparity. Talks about this case as among the very most serious enticement cases that the court had seen. Talks about the damage to victims, disrespect for law, his position as a law enforcement officer. He also talks about how he wants this sentence reported so as to deter others in the community. And then, of course, he also refers back to things that had been previously said in the, you know, preceding about 50 pages of the sentencing transcript. As the district court talked in detail about, this was a case in which a deputy sheriff had sent 200 videos of himself masturbating to 16-year-old and 13-year-old girls. A very serious case. Giving alcohol to a 13-year-old girl. To a 13-year-old girl, these explicit comments that were made in the text messages. The use of his law enforcement position to coerce these children into sending nude photos. And then, of course, the conduct from 10 years prior, unobjected to in the case. Counsel, you're stating some very good reasons why those counts might not have, reasons why you perhaps should have reconsidered dismissing. Should have reconsidered? Dismissing those counts. You're describing what could have been the prosecution's reason for continuing to pursue those issues. Well, he did come in with a plea agreement for the reasons stated by the government. We did agree to dismiss those counts. He did, you know, wasn't binding on the court. Those were all reasons that the district court gave in talking about the 3553 factors and why an upward variance was appropriate here. Now, I mean, one might wonder, well, why didn't the government, you know, bring all this up at sentencing? Why didn't the government buttress the district court's 5K2.21 analysis at sentencing? It's for the same reason. We were bound by a plea agreement, right? So we were bound to recommend the sentence that we recommended. In other words, if we had done more on the record before sentencing, we'd be up here on a much more different and a more serious appeal, which would be about a breach of a plea agreement. We think this is a record that can be, that can affirm this sentence on either of two or the variance. This court, of course, has extensive case law in cases like this. I've cited, Chief Judge, the McGrew case that you authored. There's Timberlake. There's a myriad of others that talk about how when a district court is clear that either path would lead to the same sentence, that no, that any procedural error is harmless. For those reasons, I'd ask that the sentence be affirmed. If there's any further questions, I'm happy to answer them. Otherwise, I'll take my seat. Thank you. Thank you, Mr. Kallner. Thank you. I would like to start with the double-counting question, Chief Judge Smith, that you addressed at the beginning. We understand that I think it's three charges of the original indictment are either not supported by a factual basis or are fully accounted for by this plea agreement. I just want to clarify that our position today is that the remaining three counts still don't support the three-level upward departure under 5K2.21. The district court on the record at the time of sentencing did not explain how it arrived at this three-level departure to account for the remaining dismissed or uncharged conduct. And it certainly didn't state an alternative guideline calculation. You know, we heard one here today. That is not something that the district court did on the record to support the extent of this upward departure. So the district court did not say, here's the guideline range I think would have applied had some of this other conduct that's being dismissed today been taken into account. Well, counsel, in the transcript, the judge says, I have made what I consider to be a thorough record on why the Federal sentencing guidelines are not sufficient, and you're criticizing him then for not saying specifically what the other one is. Is that what you're trying to say? In the context of the — speaking of the procedural error relating to the departure for 5K2.21, that our position is that there's not an explicit explanation of how the district court arrived at that three levels. And this alternative guideline — Well, a minute, a page later, he — and I'm sorry to interrupt you, because this is the one I thought I was quoting to you, so you know where I'm coming from. He says, for all these reasons, I'm getting this offense level for these categories and all, and you say he didn't calculate it? And he says guideline range of 262 to 327? Now, tell me how you say he didn't identify a range? There it is. He did identify a range. He did say three levels. I'm trying to clarify that he did not say I — if a different guideline range would have applied for dismissed counts one and two, the guideline range would have been this, and therefore the offense level would have been this, and that's where I'm getting it. An alternative range, yet again. That's right. Thank you. Thank you. And so, based on all of that and that discussion, in terms of the procedural error, the district court's explanation did not justify the three-level upward departure on the basis of what was left after you account for the counts that he's — that Mr. Kistler has already pled guilty to, or that there's not a factual basis for. And I'd like to address the moment that Mr. Culliner mentioned where the defense counsel says I just want to make sure the court understands these two counts, three and four, were combined into the superseding information, and the district court said fine. After that, the district court did mention — immediately after that, the district court mentioned and all six counts are going to be dismissed from the indictment. So that was the next thing out of the district court's mouth was — and again, another reference to the six counts being dismissed. And then later in the sentencing hearing, the district court — this is on page 64 — of the sentencing transcript came again back to the dismissed conduct is extensive, and there was an enormous benefit from the plea agreement. So the district court is still placing great weight on the dismissed counts, all six counts of the indictment. And for these reasons, we would ask that the court reverse and remand for a new sentencing hearing. Thank you. Thank you, Ms. Culliner.